UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARIUS DEWAYNE HUDSON,

    Petitioner,

v.

TONY TRIERWEILER, *Warden*,

    Respondent.

Case No. 2:18-cv-12856
Honorable Laurie J. Michelson

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Darius DeWayne Hudson pled guilty in state court to one count of armed robbery. He was sentenced as a third-time habitual felony offender to a minimum of 108 months in prison. Hudson sought leave to appeal; both state appellate courts denied leave.

Hudson now turns to federal court for a writ of habeas corpus. Hudson's petition for the writ raises a single claim: that the trial court erred in scoring two offense variables in determining his sentence. As this claim does not warrant habeas relief, the Court will deny the petition.

### I.

At Hudson's plea hearing, Hudson's counsel asked for a "Cobbs evaluation." In *People v. Cobbs*, 505 N.W.2d 208 (Mich. 1993), the Michigan Supreme Court provided that a trial judge "may participate in the plea negotiation process by indicating the length of sentence that the judge, on the basis of a preliminary evaluation of the case, believes is appropriate for the charged offense." *People v. Chappell*, 566 N.W.2d 42, 44 (Mich. Ct. App. 1997). "[A] defendant who pleads guilty or nolo contendere in reliance upon a judge's preliminary evaluation with regard to

an appropriate sentence has an absolute right to withdraw the plea if the judge later determines that the sentence must exceed the preliminary evaluation." *Cobbs*, 505 N.W.2d at 212.

Hudson's counsel further stated that the applicable guideline range "starts as low as 81 months" but that an argument could be made that it started at 108 months. (ECF No. 9, PageID.117–118.) Counsel explained, "It all depends on the determination of how the scoring of various offense variables would actually be made by your Honor." (*Id.*)

At the plea hearing, the trial judge also questioned Hudson. As relevant to Hudson's petition, this exchange took place:

> THE COURT: Okay, and there's been a plea agreement stated on the record saying that if you plead guilty to count one [armed robbery] that count two [felonious assault] will be rescinded, do you understand that?
>
> MR. HUDSON: Yes, Ma'am.
>
> THE COURT: Okay, and that *the guidelines against you range anywhere at the bottom from 81 to 108*?
>
> MR. HUDSON: *Yes, Ma'am*.
>
> THE COURT: And that *this court will agree to a Cobbs plea to the bottom of the guidelines* but that your lawyer wants to argue for less at the time of sentencing?
>
> MR. HUDSON: Yes, Ma'am.

(ECF No. 9, PageID.122 (emphasis added).) Hudson denied that any other promises were made to him to induce his guilty plea. (ECF No. 9, PageID.123.) Ultimately, the trial court accepted Hudson's guilty plea. (ECF No. 9, PageID.127.)

At Hudson's sentencing hearing, his counsel objected to the scoring of Offense Variable 14, which assessed points for Hudson assuming a leadership role in the offense. (ECF No. 9, PageID.131.) The trial court accepted the objection but Hudson's offense level remained the same—it had been level 4 before the objection and stayed at level 4. (ECF No. 9, PageID.132.)

As a result, the sentencing guidelines called for a minimum prison term somewhere between 126 to 315 months. (ECF No. 9-5, PageID.147.) (In Michigan, as opposed to in the federal system, the guidelines pertain to the minimum prison time only; maximum prison time is prescribed by state statutes.) The court departed below that recommended range and sentenced Hudson to a minimum term of 108 months. (ECF No. 9, PageID.135.) (Although not particularly relevant to Hudson's petition, Hudson's maximum prison term is 60 years. (*Id.*))

Hudson filed an application for leave to appeal in the Michigan Court of Appeals. He raised only one claim. He argued that resentencing was required because he "was sentenced on the basis of inaccurate information and in violation of his right to due process, where the Cobbs evaluation in his case left the guidelines range open and where Offense Variable 9 and Offense Variable 12 were incorrectly scored." (ECF No. 9, PageID.146.) The Michigan Court of Appeals denied the application for leave to appeal "for lack of merit in the grounds presented." *People v. Hudson*, No. 336341 (Mich. Ct. App. Feb. 6, 2017).

Hudson then filed an application for leave to appeal in the Michigan Supreme Court, raising the same claim. The Michigan Supreme Court denied the application because it was not persuaded that the questions presented should be reviewed. *People v. Hudson*, 900 N.W.2d 640 (Mich. 2017).

## II.

As he did in the state appellate courts, Hudson's petition for a writ of habeas corpus asserts that the trial court erroneously scored an offense variable for the number of people placed in danger (OV 9) and erroneously scored an offense variable for a contemporaneous felonious act (OV 12). (*See* ECF No. 1, PageID.5; ECF No. 9, PageID.149–150.) Recall that the sentencing guidelines indicated that Hudson's minimum term in prison should be anywhere

3

between 126 and 315 months. Hudson argues that if OV 9 and OV 12 had been correctly scored, the guidelines would have instead indicated that his minimum term should be between 108 and 225 months. (ECF No. 9, PageID.151.) Hudson reasons that when his guidelines range was between 126 and 315 months, the judge departed downward to 108 months. So, in Hudson's view, if the guidelines had been correctly calculated at 108 to 225 months, the judge would still have departed downward. (ECF No. 9, PageID.150.) Thus, says Hudson, his minimum time in prison would have been less than 108 months. (ECF No. 9, PageID.150–151.)

To the extent that Hudson asserts his sentence was improperly calculated under state law, his claim is not a basis for a writ of habeas corpus. *See Kissner v. Palmer*, 826 F.3d 898, 902 (6th Cir. 2016) (explaining that misapplications of state sentencing guidelines are "errors of state law" for which "habeas corpus relief does not lie."); *Calvey v. Burt*, No. 17-1926, 2018 U.S. App. LEXIS 12614, at *14–15 (6th Cir. 2018) ("Generally, a state court's misapplication or interpretation of state sentencing law is not cognizable on habeas review, and [petitioner's] argument that his offense variables were overscored fall squarely within this rule."). Federal habeas review "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007) (internal quotation marks omitted).

True, Hudson says that the incorrect scoring of OV 9 and OV 12 resulted in a denial of due process (ECF No. 1, PageID.5; ECF No. 9, PageID.145–146), and a violation of the Due Process Clause is grounds for a writ of habeas corpus.

But here, Hudson has not established a violation of the Due Process Clause. At the plea hearing, the trial court told Hudson that "the guidelines against you range anywhere at the bottom from 81 to 108" months and that the court would "agree to a Cobbs plea to the bottom of

4

the guideline." (ECF No. 9-3, PageID.122.) Hudson said he understood both these statements. (*Id.*) So when Hudson was deciding whether to plead guilty, he understood that his minimum prison term could be as high as 108 months. He chose to plead guilty despite that possibility. Then, at sentencing, that possibility became a reality: the trial court ordered that Hudson spend at least 108 months in prison. Thus, while Hudson did not receive the best deal he could have hoped for (81 months), Hudson still got what he bargained for in the worst case (108 months). On these facts, the Court finds that the alleged error in the application of state law was not "so fundamentally unfair as to violate [Hudson's] due process rights." *Coleman v. Mitchell*, 244 F.3d 533, 542 (6th Cir. 2001).

### III.

For the reasons given, Hudson's petition is DENIED WITH PREJUDICE.

The Court further finds that reasonable jurists would not debate the resolution of Hudson's claim. So the Court DENIES a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted).

If Hudson chooses to appeal the Court's decision, he may not proceed in forma pauperis because an appeal could not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

SO ORDERED.

Dated: December 16, 2019

                                        s/Laurie J. Michelson
                                        LAURIE J. MICHELSON
                                        UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on December 16, 2019.

                              s/Erica Karhoff
                              Case Manager to
                              Honorable Laurie J. Michelson